By the Court.
As a general rule, this court will refer parties desiring the aid of this writ to the inferior courts of the state, or to the judges authorized to allow the same; and will take cognizance of such case only when special circumstances render it necessary to settle some important question. This case comes within the exception, as it involves the determination of the question whether, under existing legislation, the Court of Common Pleas of Cuyahoga county is authorized to hold a term commencing on the first Monday of September' next, concerning which grave doubts are said to have arisen in the minds of the judges and bar of that county.
The case made by Shean, in his application for the writ, shows that he is imprisoned in the jail of Cuyahoga county on a charge of robbery, and that he was committed to await trial upon default of giving bail in the sum of $2,000 for his appearance at the November term of said court, as required by the judge of the police court of the city of Cleveland, before whom he was examined.
*441 The examination was had on the 7th day of June, 1875, and section 43 of the criminal code required the recognizance to bo taken for his appearance to answer the charge before the Court of Common Pleas on the first day of the term next thereafter to be holden.
The terms of the court for the year 1875 had been fixed by the judges, in pursuance of the act of April 16, 1867 (S. & S. 600), as follows, to wit: Commencing on 8th of February, 3d of May, and 1st of November. But subsequently, on the 25th day of March, 1875, the general assembly passed an act to take effect on the 1st of July, 1875, entitled “an act to facilitate the administration of justice in Cuyahoga county” (72 Ohio L. 105), the 4th section of which provides that “ the said Court of Common Pleas shall hold five terms in each year, which shall commence on the first Monday of January, March, May, September, and November.”
After a careful examination of all the provisions of this last-named act, we are of opinion that the provisions of the 4th section supersede the order of the judges theretofore made as to the terms of the court to be holden after the taking effect of the statute, and that terms of the Court of Common Pleas in said county may be legally held, under the statute, commencing on the first Monday of September and of November in the present year.
In view of the importance of this question, we have concluded to entertain the motion and allow the writ, to the end that the applicant may be admitted to bail for his appearance before the Court of Common Pleas on the first day of the September term, to answer said charge.

Writ allowed.